## ANN ROBBINS *vs.* JOSEPH POTTER.

No action lies to recover for services rendered by a woman to a man while in his family and living with him as his wife, after the performance of a marriage ceremony between them, although in fact she had a former husband living, and he knew it; but she may recover for moneys paid by her for debts due from him to third persons, for articles furnished to the family, provided she can prove an express promise by him to repay the same, and that her payments and his promise were made without any reference to their continued cohabitation.

HOAR, J. The case which the bill of exceptions presents, in connection with the pleadings, is a very peculiar one, and requires a careful application of the rules of law which govern it. The plaintiff sues to recover compensation for services in the defendant's family, and for money paid to his use at his request. She declares in a name which is not his; and which does not indicate any relation between them; and in the usual form. The answer denies any contract between them, express or implied; and it also alleges that whatever services were rendered or money paid by her were performed and expended while she was living with the defendant as his wife, acting and holding herself out in that capacity. It does not aver that she was his wife, or that he supposed or believed that she was his wife.

Upon the evidence introduced and offered, the ruling of the judge at the trial that the action could not be maintained was right, so far as it related to the claim for services. The evidence which the plaintiff at first introduced was sufficient to prove an implied contract. But on cross-examination she testified that before the services were rendered the ceremony of marriage had been performed between them, and that during the whole time for which the charge for services was made she was living with him as his wife, and acting and representing herself as his wife. This was enough to defeat the action for services. If she was his lawful wife, she could not maintain any action against him. But if this defence was not open to him, either because he had not pleaded it, or from the additional facts which she offered to prove, it completely answered her case. It showed that the services were not rendered under an implied agreement to pay for them. Her offer to prove that the marriage was void, because she had a former husband living at the time, and that he knew it, had no tendency to prove an agreement by him to pay for the services rendered in his family while living with him as his wife. That the pretence of being his wife was a mere cover for her adultery and bigamy, and that he was equally guilty with her, did not make the value of the services which she rendered in that relation a debt from him to her. The facts negatived the implication of a contract. The offer to prove that the labor was performed without any reference to their cohabitation, and that the cohabitation did not form any part of the consideration for the labor, was unavailing, because she had already admitted that it was for the work done in his family while thus living with him. We do not put this decision on the ground of estoppel, because she offered to show that he knew she was not his wife, and was therefore equally criminal with her; but on the ground that the whole evidence would not prove a promise to pay.

But on the other part of the case we think the plaintiff's exceptions must be sustained. The claim is for money paid at his request, and for debts which were due from him to a third person. The payments, it is true, were under circumstances

that seem to us scarcely to admit the conclusion that they were made lawfully. They were made continuously, from month to month, for groceries furnished to support the family. That a jury could find that they were so made, innocently, and without any agreement or understanding that the criminal relation should continue, being thus regularly and continuously made for the support of the parties in it, it is difficult to conceive. But we cannot see that it was legally impossible, and therefore the case should have been submitted to the jury with proper instructions.

If all the evidence offered had been heard, and had sustained the offer of proof, the case would have stood thus : The parties were competent to make the contract declared on. Past cohabitation is in itself a legal consideration for a promise to pay money; and is certainly no defence to an action on an express promise to repay money actually advanced. The plaintiff testified to an express promise of the defendant to pay her the money which she advanced to discharge a debt of his already incurred. It was possible that this promise was made from time to time, as she advanced the money, without any agreement or understanding that the cohabitation should continue; and if the jury should find this to be the true state of the case, there would be no legal objection to the plaintiff's recovery. The evidence offered should have been admitted, and the jury should not have been restricted to the consideration of a partial and garbled presentation of the facts. If the defendant had pleaded that the plaintiff was his wife, or if the evidence had shown that she had imposed upon him in assuming to contract a marriage, the rule of law would be different, and she might have been estopped to deny the existence of the marital relation. But upon the state of facts which she offered to prove, there was no injustice to him in disclosing the whole truth. Between these two adulterers there could be no deception, and no estoppel.

But on the other hand, while we think the court below erred in ruling as a matter of law what was only a strong presumption of fact upon the evidence, and which should therefore have been submitted to the jury, it is obvious that upon a new trial

of the cause the jury should be instructed that if the plaintiff made her payments by reason of or in furtherance of the adulterous connection, the contract was illegal and void, and she cannot recover. And it will be their duty to consider that the money was constantly and repeatedly advanced by her in payment of the expenses incurred for their support in the immoral and illegal relation which they bore to each other.

*Exceptions sustained.*

*E. J. Sherman,* for the plaintiff, cited *Booth* v. *Hodgson,* 6 T. R. 405; *Phalen* v. *Clark,* 19 Conn. 421; *Gibson* v. *Pearsall,* 1 E. D. Smith, (N. Y.) 90; *Bowry* v. *Bennet,* 1 Camp. 348.

*D. Saunders, Jr.,* for the defendant, cited *Divoll* v. *Leadbetter,* 4 Pick. 220; *Gregg* v. *Wyman,* 4 Cush. 322; *Spalding* v. *Preston,* 21 Verm. 9; *White* v. *Hunter,* 3 Fost. (N. H.) 128; *Edwards* v. *Stevens,* 1 Allen, 315; *Lord* v. *Parker,* 3 Allen, 127.